IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>    )<br>v.   )<br>    )<br>CHRISTOPHER BARR )<br>    ) | Criminal Action No. 7:17-cr-00085-3<br><br>By:  Elizabeth K. Dillon<br>       United States District Judge |

**MEMORANDUM OPINION**

Before the court is defendant Christopher Barr's motion for early termination of supervised release. (Dkt. No. 209.) The government does not oppose the request. Neither party requested a hearing, and the court finds that a hearing is not necessary to resolve Barr's motion. As recommended by probation, the court will grant Crowder's motion.

I.  BACKGROUND

In 2017, Barr was charged in an indictment with conspiracy to possess with intent to distribute and to distribute 500 grams or more of mixture and substance containing methamphetamine. He pled guilty and was sentenced to 40 months incarceration and a four-year term of supervised release. While incarcerated, he received no disciplinary action and was released on April 16, 2020. He is now 44 years old.

On April 7, 2022, by letter to the court, Barr moved for early termination of his remaining supervised release term. Probation supports Barr's motion because he has a positive attitude and has adjusted well to supervision. The government does not object.

II.  ANALYSIS

Pursuant to 18 U.S.C. § 3583(e), a court may, after considering the factors set forth in 18 U.S.C. § 3553(a), terminate a term of supervised release at any time after the expiration of one year of supervised release if it is satisfied that such action is warranted by the conduct of the

defendant and the interest of justice. As at sentencing, courts consider several factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed to afford adequate deterrence, and the need to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a).

Courts have discretion whether to grant early termination of supervised release, even when the conditions for termination are met. *Folks v. United States*, 733 F. Supp. 2d 649, 651 (M.D.N.C. 2010). In addition, the inquiry is broader than the individual's conduct. *United States v. Pregent*, 190 F.3d 279, 282–83 (4th Cir. 1999). "Circumstances that justify early discharge have included exceptionally good behavior that makes the previously imposed term of supervised release 'either too harsh or inappropriately tailored to serve' general punishment goals." *Folks*, 733 F. Supp. 2d at 651 (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)). Neither the passage of time nor full compliance with the terms of supervised release are sufficient bases to warrant early termination. *United States v. Ferris*, Case No. 5:14-CR-0008, 2021 WL 1588972, at *2 (W.D. Va. Apr. 22, 2021).

In support of his motion, Barr argues that he has learned from his past mistakes. He notes his compliance with probation terms and completion of a Strategies program at Blue Ridge Behavioral Healthcare. He supports his three children and reports that he has maintained steady, full-time employment, has mended relationships with family and friends, and has a positive group of individuals who support a healthy lifestyle. Additionally, he seeks early termination because, as part of his employment, he transports vehicles and, due to the travel restrictions in his probation, he loses out on hours of work and career opportunities.

While Barr's offense was serious, his drug trafficking was due in large part to his long-standing drug addiction. He has now served his sentence and more than half of his supervised

release term.  He has continued his strong work history with gainful employment, has done work toward rehabilitation, and is maintaining healthy relationships with family and friends.  It appears there is no need, at this point, for the terms of Barr's release to hinder the growth of his work career.

Probation acknowledges that Barr had one instance of noncompliance when he tested positive for methamphetamine on June 1, 2021.  However, Barr was completely honest with probation and admitted to the use prior to the drug test.  He attributed the relapse to ongoing stress from his children's health complications.  As a sanction for the positive test, he was referred to a 12-week Strategies program at Blue Ridge Behavioral Healthcare.  After his successful completion of this program on September 17, 2021, all drug screens have been negative.

The court finds that there is no longer a need to protect the public or to deter Barr from committing further crimes through the ongoing imposition of release conditions.  For these reasons, the court will grant Barr's motion for early termination of his supervised release.

### III.  CONCLUSION

For the foregoing reasons, Barr's motion for early termination of supervised release (Dkt. No. 209) will be granted.  The court will issue an appropriate order.

Entered: May 31, 2022.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge

3